THOMAS J. DALY, CA Bar No. 119684
Thomas.Daly@wbd-us.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
Kat.Quigley@wbd-us.com
DREW WILSON, CA Bar No. 283616
Drew.Wilson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
655 N. Central Ave., Suite 2300
Glendale, CA 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

*Attorneys for Plaintiff*
*UROCARE PRODUCTS, INC.*

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UROCARE PRODUCTS, INC.,
a California Corporation,

Plaintiff,

vs.

CELESTIQHEALTH LLC,
a Delaware Limited Liability Company,

Defendant.

Case No. 2:26-cv-12078

**COMPLAINT FOR:**

**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**

**(2) FALSE DESIGNATION OF ORIGIN; [15 U.S.C. § 1125(a)];**

**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200;**

**TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW;**

**(3) UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**

**DEMAND FOR JURY TRIAL**

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

Plaintiff Urocare Products, Inc. ("Urocare"), by and through its attorneys, asserts this Complaint against CelestiqHealth LLC ("CelestiqHealth" or "Defendant") as set forth below.

**THE PARTIES**

1. Urocare is a California Corporation organized and existing under the laws of the State of California, having a principal place of business at 2735 Melbourne Ave, Pomona, CA 91767.

2. On information and belief, CelestiqHealth is a Delaware Limited Liability Company with its statutory agent for service of process listed at the Delaware Secretary of State as having an address at 16192 Coastal Highway, City of Lewes, DE 19958.

**JURISDICTION AND VENUE**

3. This is an action for federal trademark infringement under 15 U.S.C. § 1114 *et seq.*, false designation of origin under 15 U.S.C. § 1125(a), violation of California Business and Professions Code § 17200, and California common law unfair competition.

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Urocare's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

5. This Court has personal jurisdiction over CelestiqHealth by virtue of its transacting, doing, and soliciting business in this district, by targeting Urocare in this district, by causing harm in this district, and because a substantial part of the relevant events occurred in this district.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Urocare's claims occurred in this judicial district.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

## Development and Ownership of the UROCARE Trademark

7. Urocare adopted and began using the UROCARE trademark in connection with urinary and incontinence care products at least as early as May 11, 1976.

8. Urocare has advertised its urinary and incontinence care products in connection with the UROCARE trademark on various platforms and on various media, including its website www.urocare.com. Urocare's products featuring the UROCARE trademark are distributed to consumers through a wide network of distributors and medical supply companies, many of whom list the products on sales platforms such as Amazon.com.

9. Through its extensive advertising, long-term use, and quality goods provided in connection with the UROCARE trademark, Urocare has acquired significant secondary meaning in the UROCARE trademark in the minds of relevant consumers who now associate the mark with Urocare, and who use the trademark to differentiate the goods offered by Urocare from the goods offered by others.

10. Urocare is the owner of U.S. Trademark Registration No. 1,392,075 (the "'075 Registration") for the mark UROCARE for "urinary incontinence care products namely skin adhesives, adhesive foam strips, protective coating pads, adhesive remover pads, solutions for cleaning and deodorizing urinary and ostomy appliances" in International Class 005, and for "urinary leg bags, leg straps, external catheters, drainage tubes and connectors, drainage valves and tubing clamps for leg bags, check valves for leg bags, bedside drainage bags, condoms and finger cots" in International Class 010. The application that matured into the '075 Registration was filed on December 10, 1984, and issued as a registration on May 6, 1986. The '075 Registration is now incontestable. A copy of the status page for the '075 Registration showing that the registration is live and owned by Urocare is attached as Exhibit 1.

11. Urocare's common law rights in the UROCARE trademark, along with its statutory rights in the '075 Registration are collectively referred to as the "UROCARE Marks."

12. Because of the long and continuous use of the UROCARE Marks by Urocare, and the significant sales of goods in connection with the UROCARE Marks by Urocare, the UROCARE Marks are commercially strong trademarks when used in connection with urinary and incontinence care products, particularly those claimed by the '075 Registration.

13. The UROCARE Marks are suggestive when used in connection with urinary and incontinence products, meaning that the marks are conceptually strong.

**CelestiqHealth's Infringing Use of UROCARE Trademark**

14. On information and belief, CelestiqHealth is a distributor of supplements and health care products, who just recently began using the UROCARE mark in connection with dietary supplements that are targeted to customers seeking to support urinary tract health. Some of these products allegedly include ingredients such as cranberry, which are commonly associated with combating or preventing urinary tract infections.

15. Images of samples of CelestiqHealth's use of the UROCARE mark on dietary supplements are shown below:

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON







**Images of the Front and Back of CelestiqHealth's use of the UROCARE Mark**







**Additional Images of CelestiqHealth's use of the UROCARE Mark**

16. Products sold by CelestiqHealth in connection with the UROCARE mark are collectively referred to as the "Infringing Products."





WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

17. On information and belief, CelestiqHealth has been advertising, offering for sale, and selling the Infringing Products on a variety of platforms, including but not limited to eBay and various websites whose URLs contain the phrase UROCARE without Urocare's permission.

18. On information and belief, the Parties' respective UROCARE trademarks have the exact same, or substantially similar, sight, sound, and meaning.

19. On information and belief, CelestiqHealth targets the same customers for the Infringing Products that Urocare targets for the goods it offers in connection with the UROCARE trademark.

20. On information and belief, CelestiqHealth adopted its UROCARE trademark with the knowledge of Urocare's use of the UROCARE trademark.

21. On information and belief, the UROCARE trademark is not the subject of a federal or state trademark registration that is owned by CelestiqHealth.

22. On information and belief, consumers have already been confused by CelestiqHealth's use of the UROCARE trademark in connection with the Infringing Products. Numerous customers have contacted Urocare and have returned or attempted to return the Infringing Products to Urocare, believing that they originated from, or were otherwise affiliated with Urocare. The photographs of the Infringing Products in this complaint were acquired from customers who returned the products to Urocare believing that the products were somehow affiliated with Urocare. This actual confusion is strong indicia of a likelihood of confusion.

23. On information and belief, in addition to infringing Urocare's trademark rights in the UROCARE Marks, CelestiqHealth has engaged in unfair business practices with its customers that have begun to tarnish the reputation of Urocare. Specifically, CelestiqHealth signs customers up for recurring

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

subscriptions of the Infringing Products and then does not respond to requests to cancel the subscriptions.

24. On information and belief, customers have complained about CelestiqHealth's unfair subscription practices to Urocare.

25. On information and belief, the address and telephone number listed on the Infringing Products is invalid. Attempts to call the identified number go unanswered.

26. On May 5, 2026, Urocare attempted to send a cease-and-desist letter to CelestiqHealth at the address identified by the Delaware Secretary of State as its agent for service of process. The letter was never answered.

27. Urocare has taken down several websites that contain the word UROCARE in the URL and advertise the Infringing Products through various means, including UDRP actions. On information and belief, CelestiqHealth simply creates new websites that contain the word UROCARE in the URL and feature the Infringing Products and then relists them.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement)**

**[15 U.S.C. § 1114 ]**

28. Urocare realleges and incorporates by reference paragraphs 7-27 as though fully set forth herein.

29. On information and belief, Urocare has both priority of use and of registration of the subject mark of the '075 Registration over CelestiqHealth's use of the UROCARE trademark.

30. On information and belief, Urocare has acquired significant secondary meaning in the subject mark of the '075 Registration.

31. On information and belief, the subject mark of the '075 Registration and CelestiqHealth's UROCARE trademark have substantially the same sight, sound, and meaning.

32. On information and belief, the subject mark of the ’075 Registration is commercially and conceptually strong when used in connection with the goods claimed by the ’075 Registration.

33. On information and belief, the Parties offer related goods with their respective marks.

34. On information and belief, the Parties target similar customers for the goods that they offer in connection with their respective marks.

35. On information and belief, CelestiqHealth selected the UROCARE trademark with the intention to free ride on the goodwill associated with the subject mark of the ’075 Registration.

36. CelestiqHealth’s importation, distribution, advertising, offering for sale, and sale of supplements in connection with the UROCARE trademark is likely to cause confusion or mistake or to deceive consumers and, therefore, violates Urocare’s federally registered trademark rights in Urocare’s ’075 Registration, rendering CelestiqHealth liable for trademark infringement pursuant to 15 U.S.C. § 1114.

37. Urocare has been damaged by CelestiqHealth’s trademark infringement by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of CelestiqHealth’s and/or Urocare’s goods.

38. By reason of CelestiqHealth’s actions alleged herein, Urocare has suffered irreparable injury to its goodwill.

39. On information and belief, CelestiqHealth’s acts of trademark infringement have been willful and taken without regard to Urocare’s established rights.

40. Unless enjoined by this Court, CelestiqHealth will continue to infringe Urocare’s federally registered UROCARE trademark by importing, distributing, offering to sell, and selling goods in connection with the UROCARE





WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

trademark, thereby deceiving the public and causing Urocare immediate and irreparable damages for which Urocare has no adequate remedy at law.

41. Urocare is informed and believes and, upon that basis, alleges that CelestiqHealth's acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Urocare's trademark rights. Urocare is, therefore, entitled to recover trebled damages suffered by Urocare as a result of CelestiqHealth's willful and deliberate acts.

**SECOND CLAIM FOR RELIEF**

**(False Designation of Origin)**

**[15 U.S.C. § 1125(a)]**

42. Urocare realleges and incorporates by reference paragraphs 7-27 as though fully set forth herein.

43. On information and belief, Urocare has priority of use of the UROCARE mark.

44. On information and belief, Urocare has acquired significant secondary meaning in the UROCARE mark.

45. On information and belief, the Parties' UROCARE trademarks have substantially the same sight, sound, and meaning.

46. On information and belief, the UROCARE mark is commercially and conceptually strong when used in connection with urinary and incontinence care products.

47. On information and belief, the goods that the Parties offer in connection with their respective marks are related.

48. On information and belief, the Parties target similar customers for the goods that they offer in connection with their respective marks.

49. On information and belief, CelestiqHealth selected the UROCARE trademark with the intention to free ride on the goodwill associated Urocare's use of its UROCARE mark.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

50. CelestiqHealth's importation, distribution, advertising, offering for sale, and sale of supplements in connection with the UROCARE trademark is likely to cause confusion or mistake or to deceive consumers and, therefore, violates Urocare's rights in the UROCARE mark, rendering CelestiqHealth liable for unfair competition pursuant to 15 U.S.C. § 1125(a).

51. Urocare has been damaged by CelestiqHealth's trademark infringement by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of CelestiqHealth's and/or Urocare's goods.

52. By reason of CelestiqHealth's actions alleged herein, Urocare has suffered irreparable injury to its goodwill.

53. On information and belief, CelestiqHealth's acts of unfair competition have been willful and taken without regard to Urocare's established rights.

54. Unless enjoined by this Court, CelestiqHealth will continue to infringe Urocare's UROCARE mark by importing, distributing, offering to sell, and selling goods in connection with the UROCARE trademark, thereby deceiving the public and causing Urocare immediate and irreparable damages for which Urocare has no adequate remedy at law.

55. Urocare is informed and believes and, upon that basis, alleges that CelestiqHealth's acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Urocare's trademark rights. Urocare is, therefore, entitled to recover trebled damages suffered by Urocare as a result of CelestiqHealth's willful and deliberate acts.

**THIRD CLAIM FOR RELIEF**

**(California Business and Professions Code § 17200)**

56. Urocare realleges and incorporates by reference paragraphs 7-27 as though fully set forth herein.

57. On information and belief, Urocare has priority of use of the UROCARE mark.

58. On information and belief, Urocare has acquired significant secondary meaning in the UROCARE mark.

59. On information and belief, the Parties' UROCARE trademarks have substantially the same sight, sound, and meaning.

60. On information and belief, the UROCARE mark is commercially and conceptually strong when used in connection with urinary and incontinence care products.

61. On information and belief, the goods that the Parties offer in connection with their respective marks are related.

62. On information and belief, the Parties target similar customers for the goods that they offer in connection with their respective marks.

63. On information and belief, CelestiqHealth selected the UROCARE trademark with the intention to free ride on the goodwill associated Urocare's use of its UROCARE mark.

64. CelestiqHealth's importation, distribution, advertising, offering for sale, and sale of supplements in connection with the UROCARE trademark is likely to cause confusion or mistake or to deceive consumers and, therefore, violates Urocare's rights in the UROCARE mark, rendering CelestiqHealth liable for unfair competition pursuant to California Business and Professions Code § 17200.

65. Urocare has been damaged by CelestiqHealth's trademark infringement by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of CelestiqHealth's and/or Urocare's goods.

66. By reason of CelestiqHealth's actions alleged herein, Urocare has suffered irreparable injury to its goodwill.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

67. On information and belief, CelestiqHealth's acts of unfair competition have been willful and taken without regard to Urocare's established rights.

68. Unless enjoined by this Court, CelestiqHealth will continue to engage in unfair competition concerning Urocare's UROCARE mark by importing, distributing, offering to sell, and selling goods in connection with the UROCARE trademark, thereby deceiving the public and causing Urocare immediate and irreparable damages for which Urocare has no adequate remedy at law.

69. Urocare is informed and believes and, upon that basis, alleges that CelestiqHealth's acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Urocare's trademark rights. Urocare is, therefore, entitled to recover trebled damages suffered by Urocare as a result of CelestiqHealth's willful and deliberate acts.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

## FOURTH CLAIM FOR RELIEF

## (Common Law Trademark Infringement)

70. Urocare realleges and incorporates by reference paragraphs 7-27 as though fully set forth herein.

71. On information and belief, Urocare has priority of use of the UROCARE mark.

72. On information and belief, Urocare has acquired significant secondary meaning in the UROCARE mark.

73. On information and belief, the Parties' UROCARE trademarks have substantially the same sight, sound, and meaning.

74. On information and belief, the UROCARE mark is commercially and conceptually strong when used in connection with urinary and incontinence care products.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

75. On information and belief, the goods that the Parties offer in connection with their respective marks are related.

76. On information and belief, the Parties target similar customers for the goods that they offer in connection with their respective marks.

77. On information and belief, CelestiqHealth selected the UROCARE trademark with the intention to free ride on the goodwill associated Urocare's use of its UROCARE mark.

78. CelestiqHealth's importation, distribution, advertising, offering for sale, and sale of supplements in connection with the UROCARE trademark is likely to cause confusion or mistake or to deceive consumers and, therefore, violates Urocare's rights in the UROCARE mark, rendering CelestiqHealth liable for common law trademark infringement.

79. Urocare has been damaged by CelestiqHealth's trademark infringement by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of CelestiqHealth's and/or Urocare's goods.

80. By reason of CelestiqHealth's actions alleged herein, Urocare has suffered irreparable injury to its goodwill.

81. On information and belief, CelestiqHealth's acts of trademark infringement have been willful and taken without regard to Urocare's established rights.

82. Unless enjoined by this Court, CelestiqHealth will continue to infringe Urocare's UROCARE mark by importing, distributing, offering to sell, and selling goods in connection with the UROCARE trademark, thereby deceiving the public and causing Urocare immediate and irreparable damages for which Urocare has no adequate remedy at law.

83. Urocare is informed and believes and, upon that basis, alleges that CelestiqHealth's acts have been willful, wanton, malicious, and oppressive or

committed with a reckless disregard for Urocare's trademark rights. Urocare is, therefore, entitled to recover trebled damages suffered by Urocare as a result of CelestiqHealth's willful and deliberate acts.

**84. FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

85. Urocare realleges and incorporates by reference paragraphs 7-27 as though fully set forth herein.

86. On information and belief, Urocare has priority of use of the UROCARE mark.

87. On information and belief, Urocare has acquired significant secondary meaning in the UROCARE mark.

88. On information and belief, the Parties' UROCARE marks have substantially the same sight, sound, and meaning.

89. On information and belief, the UROCARE mark is commercially and conceptually strong when used in connection with urinary and incontinence care products.

90. On information and belief, the goods that the Parties offer in connection with their respective marks are related.

91. On information and belief, the Parties target similar customers for the goods that they offer in connection with their respective marks.

92. On information and belief, CelestiqHealth selected the UROCARE trademark with the intention to free ride on the goodwill associated Urocare's use of its UROCARE mark.

93. CelestiqHealth's importation, distribution, advertising, offering for sale, and sale of supplements in connection with the UROCARE trademark is likely to cause confusion or mistake or to deceive consumers and, therefore, violates Urocare's rights in the UROCARE mark, rendering CelestiqHealth liable for California common law unfair competition.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

94. Urocare has been damaged by CelestiqHealth's trademark infringement by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of CelestiqHealth's and/or Urocare's goods.

95. By reason of CelestiqHealth's actions alleged herein, Urocare has suffered irreparable injury to its goodwill.

96. On information and belief, CelestiqHealth's acts of unfair competition have been willful and taken without regard to Urocare's established rights.

97. Unless enjoined by this Court, CelestiqHealth will continue to engage in acts of unfair competition concerning Urocare's UROCARE mark by importing, distributing, offering to sell, and selling goods in connection with the UROCARE trademark, thereby deceiving the public and causing Urocare immediate and irreparable damages for which Urocare has no adequate remedy at law.

98. Urocare is informed and believes and, upon that basis, alleges that CelestiqHealth's acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Urocare's trademark rights. Urocare is, therefore, entitled to recover trebled damages suffered by Urocare as a result of CelestiqHealth's willful and deliberate acts.

**PRAYER FOR RELIEF**

WHEREFORE, Urocare prays as follows:

1. For an order entering judgment that CelestiqHealth has infringed Urocare's exclusive rights in the subject mark of the '075 Registration under § 32 of the Lanham Act, 15 U.S.C. § 1114;

2. For an order entering judgment that CelestiqHealth has infringed Urocare's exclusive rights in the UROCARE Marks under § 43 of the Lanham Act, 15 U.S.C. § 1125;

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

3. For an order entering judgment that CelestiqHealth has engaged in unfair business practices in violation of the California Business and Professions Code § 17200;

4. For an order entering judgment that CelestiqHealth has violated Urocare's common law rights under California law.

5. For an order entering judgment that CelestiqHealth has competed unfairly with Urocare under California common law.

6. For an order entering judgment that CelestiqHealth's acts of trademark infringement and unfair competition were willful;

7. For an order preliminarily and permanently enjoining CelestiqHealth, all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from CelestiqHealth, or in concert or participation with CelestiqHealth, and each of them, from:

a. using the UROCARE trademark on or in connection with any of CelestiqHealth's goods or services;

b. using any trademark, name, logo, design, or source designation of any kind on or in connection with CelestiqHealth's goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Urocare's trademarks, trade dresses, names, or logos;

c. using any trademark, name, logo, design, or source designation of any kind on or in connection with CelestiqHealth's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Urocare, or are sponsored or authorized by Urocare, or are in any way connected or related to Urocare; and

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

d. passing off, palming off, or assisting in passing off or palming off CelestiqHealth's goods as those of Urocare, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

8. For an order instructing any third-party marketplaces such as eBay or Amazon.com to remove any listing or offering for sale of the Infringing Products, and to destroy any Infringing Products that they have in inventory.

9. For an order instructing any registrar or hosting provider to transfer any URL containing the word UROCARE that was registered by CelestiqHealth or that advertises the Infringing Products to Urocare and/or take down the website that features the Infringing Products.

10. That Urocare be awarded all damages caused by the acts forming the basis of this Complaint;

11. That Urocare be awarded the profits that CelestiqHealth made from the goods that it provided in connection with the infringing UROCARE trademark.

12. Based on CelestiqHealth's knowing and intentional use of a confusingly similar imitation of the UROCARE trademark, for the damage awarded be trebled and the award of CelestiqHealth's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

13. For an order requiring CelestiqHealth to pay to Urocare the costs and reasonable attorneys' fees incurred by Urocare in this action pursuant to 15 U.S.C. § 1117(a), and the relevant state statutes cited in this Complaint;

14. Based on CelestiqHealth's willful and deliberate infringement of the UROCARE trademark, unfair competition, and other conduct described in this Complaint, and to deter such conduct in the future, for Urocare to be awarded punitive and exemplary damages;

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

15. For an award to Urocare of prejudgment and post-judgment interest on all monetary awards; and

16. For such other and further relief as this Court deems just and proper.

Dated: October 15, 2026

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By *_/s/ Thomas J. Daly_*
Thomas J. Daly
Katherine L. Quigley
Drew Wilson

*Attorneys for Plaintiff*
*UROCARE PRODUCTS, INC.*

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

## DEMAND FOR JURY TRIAL

Plaintiff Urocare Products, Inc. demands a jury trial of all issues in this action so triable.

Dated: October 15, 2026

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By */s/ Thomas J. Daly*
Thomas J. Daly
Katherine L. Quigley
Drew Wilson

*Attorneys for Plaintiff*
*UROCARE PRODUCTS, INC.*